**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4105**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

BRANDON ADRON SINGLETON,

> Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge. (9:16-cr-00862-RMG-1)

Submitted: October 23, 2018                          Decided: October 25, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, P.C., Duncan, South Carolina, for Appellant. Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Adron Singleton pled guilty to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012), being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Singleton's sentence is substantively unreasonable. Although notified of his right to do so, Singleton has not filed a pro se supplemental brief. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

"Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We conclude that Singleton's sentence is procedurally and substantively reasonable. The district court correctly calculated Singleton's Guidelines range and allowed Singleton to argue for an appropriate sentence. The district court thoroughly considered Singleton's arguments at sentencing, but found that a within-Guidelines sentence was appropriate in light of the seriousness of the offense, the need to protect the public, the need to deter others from engaging in criminal conduct, and as just punishment. We conclude that Singleton fails to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Singleton, in writing, of the right to petition the Supreme Court of the United States for further review. If Singleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Singleton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*